## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

KATYA VERONICA RAMIREZ-VASQUEZ          CIVIL ACTION NO. 20-0172

                                        SECTION P

VS.

                                        JUDGE TERRY A. DOUGHTY

WARDEN TIM DUCOTE                        MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Petitioner Katya Veronica Ramirez-Vasquez, a detainee at Jackson Parish Correctional Center, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 7, 2020.  [doc. # 1].  Petitioner maintains that she is a "citizen and national of El Salvador" and is "an alien present in the United States who has not been admitted or paroled." *Id.* at 3.  She has been detained since May 1, 2019, when she was "apprehended by U.S. immigration officials . . . ." *Id.*  She is currently involved "in removal proceedings" in Fort Snelling Minnesota, and she is pursuing asylum, "withholding of removal," and "protection . . . ." *Id.*

Petitioner maintains that, while detained, she experienced "significant medical and psychological problems[,]" and she "experienced significant delay in seeing a doctor[,]" as well as inadequate medical and psychological care.  *Id.* at 4, 8.  She claims that her detention "is not necessary to assure her appearance at future removal hearings" because "of her medical and psychological conditions . . . ." *Id.* at 6.

An "Immigration Judge" denied Petitioner's "two requests for bonds[,]" finding that Petitioner posed "an extreme risk of flight." *Id.*  at 4.  "The determinations by the Immigration Judge are the subjects of pending appeals to the Board of Immigration Appeals." *Id.*

Petitioner seeks: (1) an order instructing respondent to show justification for continuing

to detain her; (2) a declaration "that she be released on an Order of Supervision" or, in the

alternative, "a further bond hearing before an Immigration Judge . . ."; (3) habeas corpus,

mandamus, or other injunctive relief, ordering her release "on an Order of Supervision"; and (4)

"any further declaratory, mandatory, or other injunctive Order that is necessary to enforce any

declaratory judgment." *Id.* at 8-9.

## Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve summons, a copy of the Petition,

[doc. # 1], and a copy of this Memorandum Order by **CERTIFIED MAIL** on The Warden of

Jackson Parish Correctional Center.

**IT IS ORDERED** that, within **forty (40) days** after the date of service of summons, The

Warden of Jackson Parish Correctional Center ("Respondent") file:

1.  An answer to the Petition.

(a)  The answer shall state whether Petitioner has exhausted any and all remedies.  If Respondent claims that Petitioner has failed to exhaust remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which she may present her claims and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims.  If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this Petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims here are cognizable on federal habeas review, and if they are not cognizable, Respondent shall present applicable law as to why the claims are not properly before this Court.

(b)  If Respondent contends he has been prejudiced in his ability to respond by Petitioner's delay in filing, he shall set forth such contentions with particularity.

(c)  Respondent is further ordered to specifically address whether the filing deadlines in 28 U.S.C. § 2244(d)(1), (as amended by Section 101 of

AEDPA), are applicable to this proceeding and bar review of Petitioner's claims.

2.     A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit and United States Supreme Court authority and referring to the pertinent page numbers in the administrative/agency record in support of the answer.

3.     A certified copy of the agency/administrative record, including transcripts of all proceedings;

4.     A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any motion, request, appeal, application, or writ presented to any and all courts; and

5.     Certified copies of, or citations to, all prior dispositions and orders relevant to this proceeding.

The pages of the record shall be arranged in chronological sequence and numbered consecutively (handwritten numbers are acceptable).  An index describing each item of the record sent and showing each item's page number shall also be attached.

If Respondent is unable to produce any of the documents above, he shall advise the Court in writing why he is unable to produce them.

**IT IS FURTHER ORDERED** that Petitioner is allowed **twenty (20) days** following the filing of Respondent's memorandum in which to file any response she wishes to present.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT IS FURTHER ORDERED** that, as a condition of their acceptance by the Clerk, all future filings by Petitioner or Respondent shall include a certificate indicating that a copy has been furnished to the other party.

In Chambers, Monroe, Louisiana, this 13th day of February, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE